## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT BRINING**<br>**1826 Columbus Rd.**<br>**Burlington, NJ 08016** | : <br> : <br> : <br> : |
| **Plaintiff** | :   **Civil Action No.:** <br> : |
| **v.** | : <br> : <br> : |
| | :   **JURY TRIAL DEMANDED** |
| **WHYY, Inc.**<br>**150 N. 6th St.**<br>**Philadelphia, PA 19102** | : <br> : <br> : <br> : |
| **and** | : <br> : |
| **KAREN PETERSON**<br>**150 N. 6th St.**<br>**Philadelphia, PA 19102** | : <br> : <br> : <br> : |
| **and** | : <br> : |
| **SCOTT LARKIN**<br>**150 N. 6th St.**<br>**Philadelphia, PA 19102** | : <br> : <br> : |
| **Defendants** | : |

## COMPLAINT

Plaintiff, Robert Brining alleges by and through his attorney Thomas More Holland, Esquire, that Defendants WHYY, INC., Karen Peterson, and Scott Larkin, harassed, discriminated, and terminated Plaintiff due to Plaintiff's disability and/or perceived disability, and in retaliation for protected activities under federal and state anti-discrimination laws and policies. Plaintiff alleges and avers as follows:

## The Parties

1. Plaintiff, Robert Brining is an adult individual and citizen of the State of New Jersey who resides at the above captioned address.

2. Defendant, WHYY, Inc. (hereinafter "WHYY") is a business entity organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the above captioned address.

3. Defendant Karen Peterson is an adult individual and employee of WHYY with a business address at the above captioned address.   Defendant Peterson resides in Pennsylvania.

4. Defendant Scott Larkin is an adult individual and employee of WHYY with a business address at the above captioned address.   Defendant Larkin resides in Pennsylvania.

5. At all times relevant hereto, Plaintiff was an employee of Defendant WHYY a subordinate of Defendants Peterson and Larkin.

6. At all times relevant hereto, defendant WHYY acted and/or failed to act by and through its agents, servants, workmen and/or employees including Defendant Karen Peterson and Defendant Scott Larkin.

7. Defendant WHYY is vicariously liable for the acts and omissions of its agents and employees including the Defendant Larkin and Defendant Peterson.

## Jurisdiction and Venue

8. Jurisdiction is proper pursuant to 28 U.S.C. §1331.

9. Venue is appropriate pursuant to 28 U.S.C. §1391 because Defendant WHYY resides in the district of New Jersey as it has sufficient minimum contacts and ties to New Jersey to establish personal jurisdiction.

10. Per its website, "WHYY-FM can be heard on 90.9 in Philadelphia and in New Jersey on: 90.3, Cape May Court House; 89.9, Manahawkin; 89.7, Atlantic City; 89.3, Bridgeton; and 88.1, Berlin."

11. WHYY's website also advertises: "Welcome to WHYY, Greater Philadelphia's leading public media provider, serving southeastern Pennsylvania, southern New Jersey and all of Delaware for more than 50 years."

## Summary of Facts

12. Plaintiff was employed by Defendant WHYY since approximately 2005.

13. In 2015 Plaintiff's position was that of a "senior maintenance mechanic".

14. Plaintiff's duties as a senior maintenance mechanic included painting, carpentry, electrical, replacing ballast, and the HVAC system.

15. On or about 11/20/15 Plaintiff sustained an injury to his right hand/wrist.

16. The diagnosis of the Plaintiff's injury is flexor carpi radialis tendonitis/tenosynovitis with synovial cyst; arthritis; and FRC tendonitis.   This disability/ injury may have aggravated a pre-existing injury to the TFCC area of the right wrist.

17. Plaintiff's last day of work was 1/28/16.

18. Plaintiff underwent surgery on 1/29/16 and again in March 2016 (due to an infection).

19. On 2/2/16, Plaintiff filed a Worker's Compensation Claim Petition.

20. On 7/11/16, Plaintiff returned to work with restrictions.

21. On 8/3/16 Plaintiff informed Defendant Larkin of his restrictions.

22. On 8/8/16, Plaintiff provided a note from Dr. Todd Kelman to Defendant Peterson regarding his restrictions.

23. Plaintiff was told to go home until further notice.

24. Plaintiff received a letter from Defendant Peterson stating that he could return to work on 8/15/16 without restrictions based on notes from Dr. Rivlin and Dr. Kirkpatrick.

25. Plaintiff returned to work on 8/15/16. A helper was briefly assigned until taken away by Defendant Larkin.

26. On 8/25/16, Defendant Larkin asked Plaintiff to climb a ladder.

27. The ladder climb caused Plaintiff severe pain and he sought emergent medical attention.

28. On 9/7/16 Defendant Peterson sent Plaintiff an email explicitly stating that he could not return to work until his restrictions were lifted, i.e., he must return in full duty capacity.

29. Defendants did not provide Plaintiff with modified duty or restricted duty work after 8/16/16.

30. The Defendants required that Plaintiff return in full capacity with no restrictions, or not at all.

31. Defendants did not permit Plaintiff to continue working after 8/25/16 because a fully duty release was not forthcoming.

32. A right to sue letter has been requested.


**COUNT I**
**DISABILITY DISCRIMINATION**
**Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAA"),**
**42 U.S.C. §12101 *et. seq.***

33. Plaintiff hereby incorporates the foregoing paragraphs as though set forth at length herein.

34. Plaintiff was a disabled person within the meaning ADA as Plaintiff suffered from a right wrist injury, specifically tenosynovitis of the right flexor carpi radialis tendon.

35. Plaintiff's right wrist injury is a physical impairment that substantially limits major life activities.

36. At all times there was records of Plaintiff's physical impairment and Defendants knew of Plaintiff's impairment.

37. Plaintiff was regarded by the Defendants as disabled.

38. Defendants are employers within the meaning of the ADA and ADAA.

39. Defendants discriminated against Plaintiff due to his disability.

40. Plaintiff suffered adverse employment actions because of his disability including but not limited to: sending him home from work when it was discovered he was on restricted duty; forcing him to engage in work that was outside the scope of the restricted duty thereby causing additional and further injuries to the Plaintiff; and not allowing the plaintiff to return to work until he could do so without restrictions.

41. As a direct and proximate result of Defendants' disability discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

42. Defendants engaged in intentional discrimination with malice and/or reckless indifference to the federally protected rights of the Plaintiff, thereby entitling the Plaintiff to punitive damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants as well as reinstatement of employment, compensatory damages, liquidated damages, punitive damages, counsel fees, costs and any other relief that the Court deems fair, equitable, and just.

## COUNT II
## DISABILITY DISCRIMINATION
### Failure to Provide Reasonable Accommodations
### Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAA"),
### 42 .S.C. §12101 *et. seq.*

43. Plaintiff hereby incorporates the foregoing paragraphs as though set forth at length herein.

44. Plaintiff was a disabled person within the meaning ADA as Plaintiff suffered from a right wrist injury, specifically tenosynovitis of the right flexor carpi radialis tendon which may in fact include an aggravation of a pre-existing condition.

45. At all times relevant, Plaintiff's right wrist injury is a physical impairment that substantially limits major life activities.

46. At all times there was record of Plaintiff's physical impairment and Defendants knew of the Plaintiff's impairment.

47. Plaintiff was regarded by the Defendants as disabled.

48. Defendants are employers within the meaning of the ADA; ADAA and/or the pendant state law claim.

49. At all times relevant, Plaintiff was qualified to perform the essential functions of his job as a senior maintenance mechanic with or without the reasonable accommodation.

50. Plaintiff informed the Defendants of his need for the reasonable accommodations of restricted duty.

51. The accommodation of restricted duty and/or a helper were examples of accommodation would not have posed an undue hardship on the Defendant and in fact, the Defendants had been extending such accomodations in the past.

52. Defendant had an obligation to engage in an interactive process to determine whether Plaintiff may have been able to perform the essential functions of his job with reasonable accommodations.

53. Defendant failed to engage in good faith efforts to determine what specific accommodations were necessary.

54. Defendants refused to provide Plaintiff with reasonable accommodation.

55. Defendants informed Plaintiff he could not return to work unless and until he was unrestricted.

56. The breakdown of the interactive process was the fault of the Defendants and was in no way due to any act or omission on the part of the Plaintiff.

57. As a result of Defendants' failure to provide the Plaintiff with reasonable accommodations, Plaintiff was prevented from performing the essential functions of his job.

58. As a direct and proximate result of Defendants' discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants as well as reinstatement of employment, compensatory damages, liquidated damages, punitive damages, counsel fees, costs and any other relief that the Court deems fair, equitable, and just.

## COUNT III
### DISABILITY DISCRIMINATION—State Law Claims
### Pennsylvania Human Relation Act, 43 P.S. §§ 951-963 ("PHRA")
### New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("LAD")

59. Plaintiff hereby incorporates the foregoing paragraphs as though set forth at length herein.

60. Plaintiff was a disabled person within the meaning PHRA and the LAD as Plaintiff suffered from a right wrist injury, specifically tenosynovitis of the right flexor carpi radialis tendon and an aggravation of a pre-existing condition.

61. Plaintiff's right wrist injury is a physical impairment that substantially limits major life activities.

62. At all times there was records of Plaintiff's physical impairment and Defendants knew of Plaintiff's impairment.

63. Plaintiff was regarded by the Defendants as disabled.

64. Defendants are employers within the meaning of the PHRA and the LAD.

65. Defendants discriminated against Plaintiff due to his disability.

66. Plaintiff suffered adverse employment actions because of his disability including but not limited to: sending him home from work when it was discovered he was on restricted duty; forcing him to engage in work that was outside the scope of the restricted duty thereby causing additional and further injuries to the Plaintiff; and not allowing the plaintiff to return to work until he could do so without restrictions.

67. As a direct and proximate result of Defendants' disability discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of

opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

68. Defendants engaged in intentional discrimination with malice and/or reckless indifference to the federally protected rights of the Plaintiff, thereby entitling the Plaintiff to punitive damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants as well as reinstatement of employment, compensatory damages, liquidated damages, punitive damages, counsel fees, costs and any other relief that the Court deems fair, equitable, and just.

## COUNT IV
### DISABILITY DISCRIMINATION—State Law Claims
### Failure to Provide Reasonable Accommodations
### Pennsylvania Human Relation Act, 43 P.S. §§ 951-963 ("PHRA")
### New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("LAD")

69. Plaintiff hereby incorporates the foregoing paragraphs as though set forth at length herein.

70. Plaintiff was a disabled person within the meaning PHRA and the LAD as Plaintiff suffered from a right wrist injury, specifically tenosynovitis of the right flexor carpi radialis tendon and/or an aggravation of a pre-existing condition.

71. At all times relevant, Plaintiff's right wrist injury is a physical impairment that substantially limits major life activities.

72. At all times there was records of Plaintiff's physical impairment and Defendants knew of the Plaintiff's impairment.

73. In the alternative, Plaintiff was regarded by the Defendants as disabled.

74. Defendants are employers within the meaning of the PHRA and LAD.

75. At all times relevant, Plaintiff was qualified to perform the essential functions of his job as a senior maintenance mechanic with the reasonable accommodation of restricted duty.

76. Plaintiff informed the Defendants of his need for the reasonable accommodations of restricted duty.

77. The accommodation of restricted duty would not have posed an undue hardship on the Defendants and in fact, the Defendants had been accommodating in the past.

78. Defendant had an obligation to engage in an interactive process to determine whether Plaintiff may have been able to perform the essential functions of his job with reasonable accommodations and on restricted duty.

79. Defendant failed to engage in good faith efforts to determine what specific accommodations were necessary.

80. Defendants refused to provide Plaintiff with the reasonable accommodation of restricted duty.

81. Defendant informed Plaintiff he could not return to work unless and until he was unrestricted.

82. The breakdown of the interactive process was the fault of the Defendants and was in no way due to any act or omission on the part of the Plaintiff.

83. As a result of Defendants' failure to provide the Plaintiff with reasonable accommodations, Plaintiff was prevented from performing the essential functions of her job.

84. As a direct and proximate result of Defendants' discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of

opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants as well as reinstatement of employment, compensatory damages, liquidated damages, punitive damages, counsel fees, costs and any other relief that the Court deems fair, equitable, and just.

### COUNT V
### WRONGFUL DISCHARGE
### *Pursuant to*: Shick v. Shirey, 716 A.2d 1231 (Pa. 1998)

85. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

86. At all times material hereto, Plaintiff was an at-will employee of Defendant WHYY.

87. Plaintiff suffered a work related injury on 11/20/15.

88. Plaintiff treated for his injuries and made a worker's compensation claim.

89. Defendants retaliated against the Plaintiff by not permitting him to return to work unless and until he could return completely unrestricted.

90. Defendants further retaliated against the Plaintiff by failing to provide him with reasonable accommodations.

91. Defendants' actions prevented Plaintiff from returning to work resulting in a constructive discharge.

92. Defendants' actions were in retaliation for filing a worker's compensation claim and asserting his workers' compensation and unemployment rights and remedies.

93. The Defendants' actions were in violation of the public policy of the Commonwealth of Pennsylvania as set forth in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

94. Plaintiff has since been unable to obtain gainful employment.

95. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to: lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, and painful embarrassment, as well as loss of enjoyment of the ordinary pleasures of life.

96. The Defendants' conduct was willful, wanton, malicious and oppressive act of retaliating against Plaintiff for being injured and/or asserting his rights under the Pennsylvania Workers' Compensation Act and/or his entitlement of his benefits for the accepted injury and/or his unemployment compensation benefits is in violation of the well-recognized underlying public policy of this Commonwealth and therefore justifies the award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants as well as reinstatement of employment, compensatory damages, liquidated damages, punitive damages, counsel fees, costs and any other relief that the Court deems fair, equitable, and just.

7/7/17
DATE

/s/ Thomas More Holland
THOMAS MORE HOLLAND, ESQUIRE
Attorney for Plaintiff
Law Offices of Thomas More Holland
Attorney I.D. No. 43517
1522 Locust Street, Grace Hall
Philadelphia, PA 19102
T: 215-592-8080
Fax: 215-592-8550
Email: tmh@tmhlaw.com