IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BRINING | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No.: 17-5064 (RMB/JS) |
| | : |
| | : |
| WHYY, Inc.; | : |
| KAREN PETERSON; and | : |
| SCOTT LARKIN | : |
| | : |
| Defendants | : |
| | : |

## **ORDER**

AND NOW, upon consideration of Plaintiff's Brief in Support of Transfer Pursuant to 28

U.S.C. §1404(a) it is hereby ORDERED that this matter shall be transferred to the United States

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

Dated:_____

_____
Judge Renee Marie Bumb
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BRINING | : |
|              Plaintiff | : |
| v. | :   Civil Action No.: 17-5064 (RMB/JS) |
| WHYY, Inc.;<br>KAREN PETERSON; and<br>SCOTT LARKIN | :<br>:<br>:           ORDER |
|              Defendants | : |

## BRIEF IN SUPPORT OF TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Date: 9/13/17

On the Brief:

*/s/ Thomas More Holland*

THOMAS MORE HOLLAND, ESQUIRE
Attorney for Plaintiff
Law Offices of Thomas More Holland
Attorney I.D. No. 43517
1522 Locust Street, Grace Hall
Philadelphia, PA 19102
T: 215-592-8080
Fax: 215-592-8550
Email: tmh@tmhlaw.com

## I.    INTRODUCTON

This matter comes before the Court pursuant to the Court's Order of 9/11/17 directing the

Plaintiff to show cause why this case should not be dismissed under 28 U.S.C. §1406(a), or

alternatively, transferred to the United States District Court for the Eastern District of

Pennsylvania pursuant to 28 U.S.C. §1404(a).

## II.    STATEMENT OF FACTS

This matter arises out of claims for disability discrimination under state and federal laws

including allegations of failure to accommodate and failure to engage in the interactive process.

Plaintiff's Complaint was filed on 7/11/17 and following a Motion to Dismiss by the defense, an

Amended Complaint was filed on 9/8/17.

With regards to venue, Plaintiff's First Amended Complaint states:

### Jurisdiction and Venue

8.  Jurisdiction is proper pursuant to 28 U.S.C. §1331.

9.  Venue is appropriate pursuant to 28 U.S.C. §1391 because Defendant WHYY resides in the
    district of New Jersey as it has sufficient minimum contacts and ties to New Jersey to establish
    personal jurisdiction.

10. Per its website, "WHYY-FM can be heard on 90.9 in Philadelphia and in New Jersey on: 90.3,
    Cape May Court House; 89.9, Manahawkin; 89.7, Atlantic City; 89.3, Bridgeton; and 88.1,
    Berlin."

11. WHYY's website also advertises: "Welcome to WHYY, Greater Philadelphia's leading public
    media provider, serving southeastern Pennsylvania, southern New Jersey and all of Delaware
    for more than 50 years."

At the time of filing the initial and amended complaint, Plaintiff engaged in a personal

jurisdiction analysis pursuant to 28 U.S.C. §1391(c)(2) because Plaintiff believed 28 U.S.C.

§1391(b)(3) was applicable.   In doing so, Plaintiff concluded that Defendant WHYY, Inc. had the

requisite minimum contacts with New Jersey, and thus, venue was appropriate in the District of New Jersey.

Plaintiff erroneously believed §1391 (b)(1) and (b)(2) were not applicable.   Plaintiff has since come to the conclusion that 28 U.S.C. §1391(b)(1) is applicable and this matter should be venued in the Eastern District of Pennsylvania where Defendant WHYY, Inc. is headquartered. In addition, the other two Defendants reside in the Commonwealth of Pennsylvania.

For the reasons set forth below, Plaintiff respectfully requests Your Honor transfer this matter pursuant to 28 U.S.C. §1404(a) for the convenience of the parties and in the interest of justice.   Plaintiff further requests that this matter not be dismissed pursuant to 28 U.S.C. §1406(a).

### III.    LEGAL ANALYSIS

#### a.   This Matter Should Be Transferred Rather Than Dismissed.

The purpose of §1404(a) "is to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) *quoting* Continental Grain Co. v. arge FBL-585, 364 U.S. 19, 26-27 (1960).

In Goldlawr v. Heiman, the Court distinguished between transfers and dismissal under §1406(a):

> The problem which gave rise to the enactment of §1406(a) was that of avoiding the injustice which had often resulted to plaintiffs from *dismissal* of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.... [D]ismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be "found" or that they "transact ... business" in the Eastern District of Pennsylvania....

> **The language of §1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue**.... If by reason of the uncertainties of proper venue a mistake is made, Congress, by enactment of §1406(a), recognized that "the interest of justice" may require that the complaint not be *dismissed* but rather that it be *transferred* in order that the plaintiff not be penalized by ... "time-consuming and justice-defeating technicalities." *(emphasis added).*

Goldlawr Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).

Thus, dismissals will bar actions that are not re-filed in the forum state within the statute of limitations.   Transfers, on the other hand, "removes whatever obstacles [that] may impede an expeditious and orderly adjudication of cases and controversies on their merits." Id. at 466–67.

Three factors should be considered in transferring a case pursuant to §1404(a): 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice. Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D. N.J. 1993).

Plaintiff erroneously believed that venue was proper in New Jersey based on §1391(b)(3). §1404(a) permits the transfer of matters in the interest of justice and for the convenience of the parties.   Transfer would save the Plaintiff and the Defendants the inconvenience of re-filing their pleadings.   As the Defendants all reside in the Eastern District, venuing this matter there would be more convenient for the Defendants and the witnesses.   There is no reason to dismiss this case rather than transfer it when transfer would be mutually beneficial to both parties in this action. Therefore, transfer (as opposed to dismissal) is the proper means of disposing of this matter in United States District Court of New Jersey.

Finally, as the Supreme Court stated is Goldlawr, "§1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue."

## IV.    CONCLUSION

WHERFORE, based on the foregoing Brief Plaintiff respectfully requests this matter be transferred to United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

9/13/17                                             */s/ Thomas More Holland*
                                                    THOMAS MORE HOLLAND, ESQUIRE
                                                    Attorney for Plaintiff
                                                    Law Offices of Thomas More Holland
                                                    Attorney I.D. No. 43517
                                                    1522 Locust Street, Grace Hall
                                                    Philadelphia, PA 19102
                                                    T: 215-592-8080
                                                    Fax: 215-592-8550
                                                    Email: tmh@tmhlaw.com

CERTIFICATION OF SERVICE

I, Thomas More Holland, Esquire, certify that a true and correct copy of the foregoing *Brief In Support Of Transfer Pursuant to 28 U.S.C. §1404(a)* was served upon the below listed counsel via electronic filing:

> George Karousatos, Esq.
> Biancamano & DiStefano, P.C.
> Executive Plaza, Suite 300
> 10 Parsonage Rd.
> Edison, NJ 08837

> > */s/ Thomas More Holland*
> > THOMAS MORE HOLLAND, ESQUIRE
> > Attorney for Plaintiff
> > Law Offices of Thomas More Holland
> > Attorney I.D. No. 43517
> > 1522 Locust Street, Grace Hall
> > Philadelphia, PA 19102
> > T: 215-592-8080
> > Fax: 215-592-8550
> > Email: tmh@tmhlaw.com

Date: 9/13/17